```
           UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA

                      CHARLESTON


ROBERT HUMPLE,
JOSEPH BRADDOCK,
STEVEN ROBINSON,
WILLIAM LIEBAU,
WESLEY CLARK,
JOSHUA BALLARD,
CHRISTOPHER BLACKWELL, and
GERALD WILLIAMS,

          Plaintiffs,

v.                               Case No. 2:10-cv-00082

JIM RUBENSTEIN, Commissioner,
CHARLENE SOTAK, Inmate
Grievance Coordinator,
DAVID BALLARD, Warden, and
CPL. DAVID MILLER, Correctional
Officer,

          Defendants.
```

## PROPOSED FINDINGS AND RECOMMENDATION

On January 27, 2010, plaintiff Robert Humple filed the instant action (Complaint, docket # 2) and an application to proceed without prepayment of fees and costs (# 1). The Complaint alleges that the defendants violated Humple's constitutional rights. By separate Order entered this date, the Clerk was directed to terminate the other plaintiffs.

Pursuant to the provisions of 28 U.S.C. § 1915A, the court screens each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental

entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. In <u>Bell Atlantic Corp v. Twombly</u>, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." <u>Id.</u> at 555.

The Supreme Court further explained its holding in <u>Twombly</u> in <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. *
> * *

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.[1]

### Elements of Cause of Action

A civil rights action filed pursuant to 42 U.S.C. § 1983 has three elements: (1) deprivation of a right secured by the Constitution or other law of the United States, (2) by a person, (3) acting under color of State law.  It appears that Plaintiff is asserting that he was deprived of his right to be free of cruel and unusual punishment, secured by the Eighth and Fourteenth Amendments to the Constitution, by defendant Miller who, as a correctional officer at Mount Olive Correctional Complex, was a "person" acting under color of State law.  Plaintiff does not make allegations against Commissioner Rubenstein, Warden Ballard or Ms. Sotak (although they are in the chain of review of Plaintiff's grievances).

The Supreme Court has held that an element of intent is implicit with respect to the term "punishment," and that a

---

[1] A motion to dismiss has not been filed in this case yet. Such a motion, filed pursuant to Rule 12(b)(6), *Fed. R. Civ. P.*, asserts that the complaint fails "to state a claim upon which relief can be granted," which is the same standard set forth in 28 U.S.C. § 1915A.

plaintiff must show that the defendant's conduct was "wanton," with due regard for whether an emergency situation exists. Wilson v. Seiter, 501 U.S. 294, 302 (1991). "[T]he punishment must not involve the unnecessary and wanton infliction of pain." Gregg v. Georgia, 428 U.S. 153, 173 (1976).

In Hudson v. McMillan, 503 U.S. 1 (1992), the Supreme Court held that use of excessive physical force against an inmate may constitute cruel and unusual punishment even when the inmate does not suffer serious injury. The Court held "that whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in Whitley [v. Albers, 475 U.S. 312 (1986)]: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." 503 U.S. at 6. The majority opinion noted that "[t]he objective component of an Eighth Amendment claim is therefore contextual and responsive to 'contemporary standards of decency.'" 503 U.S. at 8. [Citation omitted.]

> In the excessive force context, society's expectations are different. When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. [Citation omitted.] This is true whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury. Such a result would have been as unacceptable to the drafters of the Eighth Amendment as it is today. * * *

4

> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. [Citation omitted.] The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort "repugnant to the conscience of mankind." [Citations omitted.]

Id., at 9-10. Near the conclusion of the opinion, Justice O'Connor wrote: "To deny, as the dissent does, the difference between punching a prisoner in the face and serving him unappetizing food is to ignore the 'concepts of dignity, civilized standards, humanity and decency' that animate the Eighth Amendment." Id., at 11.

## Facts

Viewing the allegations of the Complaint as true, Plaintiff alleges that on November 24, 2009, his breakfast tray was delivered to him at his cell in the most secure unit of Mount Olive Correctional Complex (Quilliams II), and the scrambled eggs were cold. Plaintiff asked that the eggs be reheated or the tray replaced, and his request was denied. He asked to speak to a supervisor, and that request was also denied. Plaintiff began to kick his cell door to have the officer in charge come to his cell, and three correctional officers came to his cell. Plaintiff requested a reheated tray and his request was denied. Corporal David Miller ordered Plaintiff to give his tray to the officers and Plaintiff refused. Plaintiff resumed kicking his cell door and continued doing so for the next three hours. Corporal David Miller

5

became aggravated and brandished his container of pepper spray at Plaintiff. Plaintiff stated, "You can't spray me; I'm cuffing up." According to Plaintiff, Corporal Miller then opened the tray slot in the cell door and struck Plaintiff with his fist on Plaintiff's right pelvic bone.  Plaintiff resumed kicking his cell door. Corporal Miller returned to Plaintiff's cell, placed him in handcuffs and shackles and escorted him to a meeting with Miller, a counselor, and a case manager.  Plaintiff showed the counselor and the case manager his pelvic bone where Miller allegedly hit him; they did not notify the medical unit.  Miller escorted Plaintiff back to his cell and the incident ended. (Complaint, at 5-6, 9-10.)  Plaintiff attached grievances and other documents to his Complaint (a total of 70 pages). None of the pages contains an allegation that Plaintiff suffered a serious injury.

## Analysis

The Fourth Circuit has held that "[a]n inmate's Eighth Amendment claim involves a subjective component and an objective component." Iko v. Shreve, 535 F.3d 225, 238 (4th Cir. 2008).

> Specifically, Eighth Amendment analysis necessitates inquiry as to whether the prison official acted with a sufficiently culpable state of mind (subjective component) and whether the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component). [Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996).] These requirements spring from the text of the amendment itself; absent intentionality, a condition imposed on an inmate cannot properly be called "punishment," and absent severity, such punishment cannot be called "cruel and unusual." See Williams v. Seiter, 501 U.S. 294, 298-300, 111 S. Ct. 2321, 115 L.

Ed.2d 271 (1991).

Iko, id.

The objective component, the seriousness of the injury, must rise above the level of *de minimis* harm.  Hudson v. McMillan, 503 U.S. 1, 9-10 (1992).  In Hudson, the Supreme Court held that "minor" injuries are not actionable.  The undersigned proposes that the presiding District Judg **FIND** that Plaintiff's Complaint, read liberally, alleges only the infliction of a minor, or *de minimis*, injury.  While Plaintiff states that he showed the counselor and the case manager the place on his pelvic bone where Cpl. Miller allegedly hit him, there is no mention of a red mark, bruise, cut, or other outward manifestation of injury.  Plaintiff's claim of a violation of his constitutional rights is a legal conclusion which is not entitled to a presumption of truth.

It is respectfully **RECOMMENDED** that Plaintiff's Complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A, and that Plaintiff's Application (# 1) be denied.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of

7

objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Chief Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Plaintiff and to transmit it to counsel of record.

February 9, 2010        /s/ Mary E. Stanley
    Date                Mary E. Stanley
                        United States Magistrate Judge